# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **ZACKORY DOCKERY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: _____ |
| ) | |
| **MICHAEL WHITTLE and** ) | |
| **MORGAN COUNTY, ALABAMA,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

COMES NOW ZACKORY DOCKERY, Plaintiff in the above-styled civil action, by and through his undersigned counsel of record, and alleges the following facts, asserts the following causes of action and seeks to recover the following damages against Defendants MICHAEL WHITTLE and MORGAN COUNTY, ALABAMA, stating as follows:

### Parties, Jurisdiction & Venue

1. All paragraphs, allegations, counts, and prayers for relief herein are to be incorporated in and read together with all others.

2. Plaintiff ZACKORY DOCKERY is an adult resident citizen of Morgan County, Alabama.

3. Defendant MORGAN COUNTY, ALABAMA is an Alabama public corporation that organized the Morgan County Sheriff's Department and authorized

its policies, procedures, customs and practices that govern the duties and actions of the Sheriff and the Sheriff's deputies. Defendant MORGAN COUNTY, ALABAMA can be served by and through the Morgan County Commission, 302 Lee Street Northeast, Decatur, Alabama 35601. The Plaintiff served a verified notice of claim with the Morgan County Commission on January 22, 2019.

4. Defendant MICHAEL WHITTLE is an adult resident citizen of Morgan County, Alabama, who was working in the line and scope of his employment as a Morgan County Sheriff's Deputy, by and through the Morgan County Sheriff's Department, on September 5, 2018. Defendant MICHAEL WHITTLE can be served at his residence at 4215 Marsha Avenue, Decatur, Alabama 35603. All of Defendant MICHAEL WHITTLE's actions set forth in this Complaint were performed within the course and scope of his employment with Defendant MORGAN COUNTY. Defendant MICHAEL WHITTLE is sued in his individual capacity only, and not in his official capacity.

5. This Court has subject matter jurisdiction of this lawsuit pursuant to 28 U.S.C. §1331 because the Plaintiff alleges violations of the United States Constitution and 42 U.S.C. §1983. This Court has supplemental federal jurisdiction over Count 2, which asserts claims under Alabama law, pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this division and district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district and division. Venue is also proper in this district and division pursuant to 28 U.S.C. §1391(b)(1) and (c)(2) because Defendants MORGAN COUNTY, ALABAMA and MICHAEL WHITTLE reside in this district and division under the meaning of this statute.

## Statement of Facts

7. The Plaintiff adopts and incorporates Paragraphs One (1) through Six (6) as if fully set out herein.

8. This is a case in which Defendant MICHAEL WHITTLE, a Sheriff's Deputy and firearms instructor employed by the Morgan County Sheriff's Department, elected to shoot Plaintiff ZACKORY DOCKERY, also employed by the Sheriff's Department, in the face at close range with a 40mm grenade launcher.

9. The subject grenade launcher is designed to fire a 40mm "less-lethal" foam projectile and is to be utilized at ranges of 30 – 60 meters for the purpose of crowd control. It is designed to be used for torso strikes at that range only. It is not designed to be intentionally discharged at anyone's face, and certainly not at close range. Although the subject grenade launcher is designed for "less-lethal" force, Sheriff's deputies were educated that it was still capable of lethal force even at its intended range.

10. Defendant MICHAEL WHITTLE was fully aware of the characteristics and uses of the subject grenade launcher at the time of the incident forming the basis of this lawsuit. In other words, when Defendant MICHAEL WHITTLE picked up the grenade launcher and fired it intentionally at Plaintiff ZACKORY DOCKERY, he was aware that it could maim or kill even at 30-60 meters. Defendant MICHAEL WHITTLE fired the subject grenade launcher at Plaintiff ZACKORY DOCKERY at close range in the Sheriff's office after first taunting the Plaintiff and asking him "how much he would take" to be shot with the grenade launcher. Even after Plaintiff ZACKORY DOCKERY declined to consent to being shot with the grenade launcher, Defendant MICHAEL WHITTLE elected to shoot him anyway.

11. Upon information and belief, Defendant MORGAN COUNTY, ALABAMA had written policies and procedures in place at the time of the incident forming the basis of this lawsuit that prohibited the kind of conduct in which Defendant MICHAEL WHITTLE chose to engage at the time of the shooting incident. The Plaintiff alleges that Defendant MORGAN COUNTY, ALABAMA's lax enforcement of its own policies and procedures and its culture of tolerance of mishandling of weapons such as 40mm grenade launchers contributed to cause the incident forming the basis of this lawsuit.

12. Defendant MICHAEL WHITTLE, as a Sheriff's deputy, is entitled to handle, deploy and fire potentially-lethal weaponry not available to the general public under the color of law.

13. As a result of the Defendants' intentional, willful, malicious and/or illegal acts, Plaintiff ZACKORY DOCKERY was proximately caused to suffer significant injuries and damages, including, but not limited to, a large facial laceration and broken jaw, and had to have his mouth wired shut for approximately four (4) weeks following this incident.  Plaintiff ZACKORY DOCKERY further suffered significant physical pain and suffering and mental anguish, permanent injury, permanent disfigurement, loss of earnings and loss of earning capacity as a proximate result of the Defendants' conduct.

## Count One

## Excessive, Misapplied and Unskillful Use of Force in Violation of 42 U.S.C. § 1983

14. The Plaintiff adopts and incorporates Paragraphs One (1) through Twelve (12) as if fully set out herein.

15. This cause of action is brought against Defendants MICHAEL WHITTLE and MORGAN COUNTY, ALABAMA pursuant to 42 U.S.C. §1983, 42 U.S.C. §1988 and the Fourth Amendment to the United States Constitution.

16. At the time of the incident forming the basis of this lawsuit, Defendant MICHAEL WHITTLE handled a potentially-lethal weapon, specifically a 40 mm

grenade launcher, and announced his intent to fire the weapon at Plaintiff ZACKORY DOCKERY, a co-worker Sheriff's deputy who posed absolutely no threat to Defendant MICHAEL WHITTLE and who did not consent to have the weapon fired at him.

17. Defendant MICHAEL WHITTLE's use of such weaponry must be consistent with statutes, ordinances, regulations and customs uniquely applicable to him as a law enforcement officer. While Defendant MICHAEL WHITTLE possesses the legal right to brandish and even use such weaponry, his right to use such weaponry against citizens, even fellow officers, is not absolute.

18. Defendant MICHAEL WHITTLE's use of force must be consistent with other individuals' right to be secure against an unreasonable application of potentially-lethal force with no rational law enforcement or training purpose and without the consent of the subject of such force.

19. Defendant MICHAEL WHITTLE, acting under color of law, deprived Plaintiff ZACKORY DOCKERY of his Fourth Amendment right to be free from excessive, unreasonable, misapplied and unskillful use of force from a law enforcement officer with no law enforcement purpose whatsoever.

20. Defendant MICHAEL WHITTLE subjected Plaintiff ZACKORY DOCKERY to excessive, unreasonable, misapplied and unskillful force when he shot the Plaintiff in the face with a 40 mm grenade launcher. Plaintiff ZACKORY

DOCKERY posed no threat to Defendant MICHAEL WHITTLE at the time of this act, and no reasonably prudent officer would have acted as the Defendant acted.

21. Defendant MICHAEL WHITTLE's unconstitutional and excessive act of force against the Plaintiff was done with both reckless indifference and a callous disregard of the Plaintiff's Fourth Amendment rights.

22. As a proximate consequence of Defendant MICHAEL WHITTLE's excessive, unreasonable, misapplied and unskillful use of force, Plaintiff ZACKORY DOCKERY was caused to suffer injuries and damages described more fully in Paragraph Thirteen (13), above.

23. Moreover, Defendant MICHAEL WHITTLE's use of excessive force was caused, in part, by the unconstitutional and deliberately indifferent customs and practices of Defendant MORGAN COUNTY, ALABAMA, in creating and allowing a permissive atmosphere and culture of tolerance around the handling and use of weaponry that proximately led to Defendant MICHAEL WHITTLE's judgment that he could threaten a fellow officer with a weapon such as a 40 mm grenade launcher without any rational law enforcement purpose, and then fire that grenade launcher without consequence. The Plaintiff asserts that Defendant MORGAN COUNTY, ALABAMA both encouraged and tolerated such conduct and ratified Defendant MICHAEL WHITTLE's unconstitutional conduct as outlined above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff ZACKORY DOCKERY respectfully requests that this Honorable Court enter judgment against Defendants MICHAEL WHITTLE and MORGAN COUNTY, ALABAMA, awarding compensatory damages including, but not limited to, medical expenses, physical pain and suffering, mental anguish, permanent injury and disfigurement, loss of earnings and loss of earning capacity, as well as punitive damages to prevent and deter such conduct in the future. The Plaintiff further requests that the Court award attorney's fees, court costs and interest as allowed by law and all other relief deemed appropriate by the Court.

## Count Two

## Common Law Assault & Battery

24. The Plaintiff adopts and incorporates Paragraphs One (1) through Twenty-Three (23) as if fully set out herein.

25. On September 5, 2018, Defendant MICHAEL WHITTLE committed an assault and battery against Plaintiff ZACKORY DOCKERY when he announced his intention to fire a 40 mm grenade launcher loaded with a "less lethal" projectile at the Plaintiff and then fired the 40 mm grenade launcher, striking the Plaintiff in the face with the projectile.

26. As a proximate consequence of Defendant MICHAEL WHITTLE's conduct, Plaintiff ZACKORY DOCKERY was caused to suffer the injuries and damages described more fully in Paragraph Thirteen (13), above.

27. Defendant MICHAEL WHITTLE's conduct was intentional, willful, malicious, illegal, in bad faith and beyond his authority as a law enforcement officer. Accordingly, Defendant MICHAEL WHITTLE is not protected by immunity for his conduct that caused injury to Plaintiff ZACKORY DOCKERY.

WHEREFORE, PREMISES CONSIDERED, Plaintiff ZACKORY DOCKERY respectfully requests that this Honorable Court enter judgment against Defendants MICHAEL WHITTLE and MORGAN COUNTY, ALABAMA, awarding compensatory damages including, but not limited to, medical expenses, physical pain and suffering, mental anguish, permanent injury and disfigurement, loss of earnings and loss of earning capacity, as well as punitive damages to prevent and deter such conduct in the future. The Plaintiff further requests that the Court award attorney's fees, court costs and interest as allowed by law and all other relief deemed appropriate by the Court.

/s/ Andrew J. Moak
Andrew J. Moak
State Bar No.: ASB-3266-N66M
SHUNNARAH INJURY LAWYERS
2900 1st Avenue South
Birmingham, Alabama 35233

P 205.983.8163
F 205.278.6911
[amoak@asilpc.com](mailto:amoak@asilpc.com)
Attorney for the Plaintiff